IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES PLAYING CARD COMPANY, ) ) ) Plaintiff, ) ) ) v. ) ) ) THE PARTNERSHIPS AND ) UNINCORPORATED ASSOCIATIONS ) IDENTIFIED ON SCHEDULE "A", ) ) Defendants. ) | No. 25-cv-08481 Judge Andrea R. Wood |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff United States Playing Card Company's ("Plaintiff" or "USPC") has filed a Motion for Entry of a Preliminary Injunction against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (collectively, the "Seller Aliases"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered August 14, 2025 [21], and Federal Rule of Civil Procedure 65(a)(1).

This Court further finds, in the absence of adversarial presentation, that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases,

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

1

offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products using infringing and counterfeit versions of the federally registered trademarks (the "USPC Trademarks") to residents of Illinois.

In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is targeting business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the USPC Trademarks. *See* Docket No. [15], Exhibits to the Declaration of Kevin Dineen, which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the USPC Trademarks. A list of the USPC Trademarks is included in the below chart.

| Registration No. | Trademark |
|---|---|
| 48,891<br>2,399,763 | BICYCLE |
| 62,565 | AIR-CUSHION FINISH |
| 256,622 | AVIATOR |
| 49,107 | "BEE" |
| 4,585,005 | BEE-TEK |
| 138,079 | CAMBRIC |
| 260,837 | CEL-U-TONE |
| 3,413,184 | CUPID BACK |
| 899,141 | DIAMOND |
| 1,182,097 | E-Z-SEE |
| 4,670,297 | FOURNIER |
| 1,342,484<br>1,686,549<br>1,325,654<br>1,126,822 | HOYLE |
| 4,251,560 | MAIDEN BACK |
| 4,058,738 | MANDOLIN BACK |
| 5,586,544 | METALLUXE |
| 735,607 | NO. 77 |
| 366,741 | PO-KE-NO |
| 48,874 | RAMBLER |

| Registration No. | Trademark |
|---|---|
| 829,727 | RIDER |
| 555,116 | 48 |
| 151,272 | 808 |
| 94,671 | Aristocrat |
| 4,397,415 | "Bee" |
| 6,853,223 | BICYCLE |
| 275,340 | CLUB SPECIAL |
| 49,420 | CONGRESS |
| 505,214 | KEM |
| 1,070,609 | LōVISION |
| 786,728 | MAVERICK |
| 133,071 | The National Card Co. |
| 5,786,468 | US |
| 4,716,966 | US |
| 2,049,103 | (spade logo) |
| 3,123,721 | (spade logo) |

3

| Registration No. | Trademark |
|---|---|
| 3,427,752 | |
| 735,606 | |
| 60,313 | |
| 555,115 | |
| 55,524 | |
| 55,100 | |
| 3,532,410 | |
| 2,862,722 | |
| 51,202 | |
| 4,716,967 | |

| Registration No. | Trademark |
|---|---|
| 695,587 | |
| 1,771,384 | |
| 2,694,791 | |
| 1,634,808 | |
| 5,775,642 | |
| 6,777,691 | |
| 1,686,416 | |

5

| Registration No. | Trademark |
|---|---|
| 920,593 | |
| 1,437,282 | |
| 153,634 | |
| 4,069,060 | |
| 153,633 | |
| 143,499 | |
| 155,547 | |

6

| Registration No. | Trademark |
|---|---|
| 23,782 | |
| 4,351,088 | |
| 4,160,512 | |
| 1,644,376 | |
| 204,255 | |
| 1,645,186 | |
| 1,709,997 | |
| 3,216,354 | |

7

| Registration No. | Trademark |
|---|---|
| 52,014 | |
| 3,149,457 | |
| 2,655,480 | |
| 2,050,539 | |
| 2,665,170 | |
| 2,655,511 | |
| 7,735,703 | |

This Court also finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success

on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the USPC Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the USPC Trademarks, and (3) Defendants' use of the USPC Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the USPC Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and other persons acting in active concert or participation with them be preliminarily enjoined and restrained from:
    a. using the USPC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine USPC product or not authorized by Plaintiff to be sold in connection with the USPC Trademarks;
    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine USPC product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the USPC Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the USPC Trademarks and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the USPC Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon") and WhaleCo Inc. ("Temu") (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial

10

accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Amazon, Temu or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the USPC Trademarks.

4. Defendants shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third Party Providers, including PayPal, Amazon and Temu, shall within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants and the Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibits to

        the Declaration of Kevin Dineen, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Plaintiff is authorized to issue expedited written discovery, pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within ten (10) business days of being served via e-mail.

7. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant. The Clerk of the Court is directed to issue a single original summons in the name of "The

Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and/or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Schedule A to the Complaint [2], Seller Aliases screenshots attached to the Declaration of Kevin Dineen [15] and the TRO [21] are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

10. The ten thousand dollar ($10,000) bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

IT IS SO ORDERED.

Date: August 28, 2025

_____
Andrea R. Wood
United States District Judge

**The United States Playing Card Company v. The Partnerships and Unincorporated Associations Identified on Schedule "A" - 25-cv-08313**

# Schedule A

## Defendant Online Marketplaces

| No | URL | Name / Seller Alias |
|---|---|---|
| 1 | amazon.com/sp?seller=AZZQAUI0ORGVP | AZZQAUI0ORGVP |
| 2 | amazon.com/sp?seller=A3JOPX32C8CVC7 | Babetteng |
| 3 | amazon.com/sp?seller=A1O0FUQSYMISCC | Chunqiu Department Store |
| 4 | amazon.com/sp?seller=ATL4S21ZIRI39 | Easythink |
| 5 | amazon.com/sp?seller=A3MCMK7OMNCZ31 | finesty |
| 6 | amazon.com/sp?seller=A1Z0C2618FBBLN | HaoYeshidai |
| 7 | amazon.com/sp?seller=A10JCNWVWPB047 | Qijungongsi |
| 8 | amazon.com/sp?seller=A25TTI4K78SCT1 | QingOrange |
| 9 | amazon.com/sp?seller=A3RZEIU80CFJ2G | RCHENG STORE |
| 10 | amazon.com/sp?seller=A2P5C06L1R13ZS | XUEBEI |
| 11 | amazon.com/sp?seller=A2EJNW9V4Q5OGO | yy-sin |
| 12 | temu.com/m-634418218851129.html | B Uncle Bamboo Shoots |
| 13 | temu.com/m-634418217971527.html | BenBen Gadgets |
| 14 | temu.com/m-634418216150044.html | Creative Cards local |
| 15 | temu.com/m-634418222690445.html | Creativemindaa |
| 16 | temu.com/m-634418222278919.html | DingDing Mall |
| 17 | temu.com/m-634418221429018.html | H SiaoPoutse |
| 18 | temu.com/m-634418220497196.html | HappiGoGoGo |
| 19 | temu.com/m-634418216764167.html | JIAHAO SHOES |
| 20 | temu.com/m-634418219352614.html | Late sleep |
| 21 | temu.com/m-634418220160553.html | like J too |
| 22 | temu.com/m-634418216078311.html | Luba |
| 23 | temu.com/m-634418222718655.html | MLfourth |
| 24 | temu.com/m-219423306149.html | ONE Lzy |
| 25 | temu.com/m-634418212924465.html | pengyiyi |
| 26 | temu.com/m-634418220391430.html | PQ grocery |
| 27 | temu.com/m-634418219162184.html | Raise Shop |
| 28 | temu.com/m-634418222772040.html | rNPSS |
| 29 | temu.com/m-634418222884238.html | SLSix |
| 30 | temu.com/m-634418211175834.html | Storm Knight |
| 31 | temu.com/m-634418223433089.html | TClwG |
| 32 | temu.com/m-634418221639175.html | UZsGR |
| 33 | temu.com/m-634418220419720.html | WAW grocery |
| 34 | temu.com/m-634418223498763.html | wuyangjunshanghang |
| 35 | temu.com/m-634418213286021.html | XINFENGZS SHOP |

| 36 | temu.com/m-634418223653675.html | xuliminzahuo |
| 37 | temu.com/m-634418221109959.html | Y feel happy |
| 38 | temu.com/m-541320559984.html | YJFBDNG Xuhao exclusive |